UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

JAMES VOSOTAS,                             Case No. 23-18073-LMI
                                             Chapter 7

      Debtor.
_____/

BBM3, LLC, *et al.*,

      Plaintiffs,                           Adv. Proc. No. 24-01277-LMI

-vs-

JAMES VOSOTAS,

      Defendant.
_____/

**MOTION FOR DISMISSAL AND/OR MORE DEFINITE STATEMENT**

Comes Now, Debtor, James Vosotas ("Debtor"), by and through undersigned counsel and files and serves the instant Debtor's/Defendant's *Motion for Dismissal and/or More Definite Statement* in response to the *Creditors' Amended Complaint* [ECF No. 6], and states the following:

### I.    Relevant Facts.

1. Debtor filed a voluntary petition [ECF No. 1] (the "Petition") in bankruptcy under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on October 3rd, 2023 (the "Petition Date").

2. On May 7th, 2024, Creditors, numbering nine (9) in total, (including, BBM3, LLC ("BBM3"), Greystone Hotel Miami, LLC ("GHM"), Greystone Tenant, LLC ("Greystone Tenant"), Santa Barbara 230, LLC ("Santa Barbara"), Greystone Managing Member, LLC {"GMM"), Greystone Master Tenant ("GMT"), Greystone Holdco, LLC ("Holdco"), USBCDC Investment Fund 180, LLC ("USBCDC"), and Branden Muhl ("Muhl") (collectively, the "Creditors") filed a 95-page, 456 numbered paragraph, 8-count Complaint [ECF No.1], against the Debtor seeking a cornucopia of relief for both a determination of non-dischargeability under 11 U.S.C. Section

523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6) and the denial of the Debtor's general order of bankruptcy discharge under 11 U.S.C. Section 727(a)(2), (a)(3), (a)(4)(A) and (a)(5).

3. Then, exactly one month later, on June 7, 2024, the purported Creditors filed an Amended Complaint [ECF No. 6], increasing the volume to 104 pages and 457-numbered paragraphs[1] (what was altered is unknown, as the Amended Complaint [ECF No. 6] does not indicate, in a footnote or otherwise, what was changed from the original Complaint [ECF No.1]).

4. Aside from the sheer volume of random non-lineal allegations, filled with hyperbole and irrelevant "facts", the Amended Complaint (as with the original Complaint) attaches and refers to no less than 99 Exhibits totaling no less than an additional 4475 pages for reference purposes.

5. Furthermore, the Creditors also direct the reader to review unattached documents to discern their relevance and what response, if any, would be necessary to the allegations, *i.e.* – *see,* among others, para.'s 46 (Main BKC Docket No.'s 44 and 68), 49 (Main BKC Docket No.'s 99 and 114), 61 (entities' corporate and loan documents"), 71 ("various closing, corporate, and transactional documents associated with the above agreements contained extensive representations, warranties, and covenants [..] committed to by the Debtor"), and 88 ("all corresponding loan documents and other agreements").

6. Reality is that the Amended Complaint appears to be a recitation of other court pleadings by Creditors in a Derivative Action suit wherein they (Creditors) filed a counterclaim and the Complaint and Amended Complaint were not drafted for the purposes of this Bankruptcy litigation. *See, infra*.

7. For example, the allegations in the Amended Complaint and the Derivative Action Counterclaim were filed by the same parties. Pages 15 through 64 of the Amended Complaint are virtually identical to those in the Derivative Action Counterclaim. In fact, most of the allegations pled appear to have been "cut and pasted" from said Counterclaim. The only differences appear to be:

   A) The order in which the facts are presented in the Amended Complaint; and,

---

[1] However, many of these "paragraphs" contain subparagraphs or multiple run on or consecutive sentences within them; so, the sheer number of paragraphs probably exceeds 600 *en toto*.

    B) The Amended Complaint contains a handful of additional denial-of-discharge type allegations which intersperse facts regarding Debtor's alleged misrepresentations or fraudulent inducement to make the claims fit within the ambit of the bankruptcy code. **However, the underlying facts and transactions are identical.**

8. The Amended Complaint also contains a plethora of allegations unnecessary and wholly irrelevant to any of the claims or causes attempted to be asserted therein. Nonexclusive examples are: paragraphs 209-237, which appear to be a challenge to the already confirmed chapter 11 matter of *In re VOS CRE*,[2] and are unrelated to the disputes herein.

9. The Amended Complaint also jumps from one date to another and back again without any linear logic and simply appears to be cut and pasted from the Derivative Counterclaim throughout; while looping in as many different and varying third parties without necessity or relevance to the pleadings.

10. Additionally, it is difficult if not impossible to determine how each particular Creditor/Plaintiff is a party-in-interest with standing to file the action itself; while also conflating the Debtor with Debtor's father ("Dan") and other entities for their alleged actions or inactions. *See, e.g.,* Amended Complaint at paragraphs 66, 67, 69, 70, 73, 80, 83, 84, 85, 100, 101, 105-07, 111,114, 123, 184-86, 197, 198, 209 and 214 are nonexclusive examples.

11. The Creditors also go on to re-allege each and every one of the purported factual allegations numbered 1 through 406 (and all subparts) into each and every Count of the Amended Complaint – leaving one to wonder what specific factual allegations are being made to support the specific purported theory of any particular Count of the Amended Complaint.

12. Furthermore, despite the never-ending allegations, none of them seem to support any particular theory in compliance with FRCP 9 for the "fraud" claims.[3]

13. Counts I through IV are all intentional Counts under Section 523 of the Bankruptcy Code and mandate compliance with the pleading requirements of FRCP 9. See,

---

[2] Even paragraphs 215-16 reference the "Counter-Plaintiffs" as Creditors cut-and-pasted the factual allegations from the Derivative Counterclaim , *i.e.* -- the Derivative Action counter claim filed by the Creditors,

[3] "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9.

e.g., *In re Farmery*, 2014 Bankr. LEXIS 2865 (Bankr. N.D. Ga. April 11, 2014) (523(a)(2)(A) requires FRCP 9 compliance); *In re Lane*, 937 F.2d 694, 699 (1st Cir. 1991) (Rule 9 heightened pleading standard applies to 523(a)(2)(B) claims); *In re Case*, 636 BR 852, 857-58 (Bankr. S.D. Fla. 2022) (FRCP 9 compliance required for 523(a)(4) claim).

14. Counts V and VII are also claims which, if pled properly, would have to comply with the heightened pleading requirements of Rule 9. See, e.g., *In re Martin*, 2019 Bankr. LEXIS 2415 at *19-20 (FRCP 9 heightened pleading standard applies to 727(a)(2)(A) claims); and, *In re Rudnick*, 2021 Bankr. LEXIS 972 at *11 (Bankr. N.D. FL March 3, 2021) (Rule 9 governs pleading under 727(a)(4)).

15. Yet, none of the FRCP 9 requirements (time, place, manner, amounts, and specifics, are identified therein)

16. Quite simply, the Amended Complaint is a shotgun pleading which mandates dismissal, if not a detailed amendment in compliance with both FRCP 8 and 9. *See, e.g., Wagner vs First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006).

17. Having incorporated each and every factual allegation again and again in each Count of the Amended Complaint, without identifying with specificity the relevant and pertinent facts that support the particular Count makes the Amended Complaint a classic shotgun pleading. *See id.*

18. Shotgun pleadings do not comply with the short and plain statement mandate of FRCP 8 nor the heightened particularity requirement for fraud claims (intentional torts) as mandated by FRCP 9. *See id.*

19. In the matter at bar, the Amended Complaint is hodgepodge of allegations, in non-linear fashion, with the classic "kitchen sink" tossed in for good cause; along with over 4000 pages of additional materials identified as exhibits and who knows how many more pages of materials that were not attached but were referenced therein.

20. The Amended Complaint should be dismissed for failure to state a claim or otherwise replead and refiled after major corrections and clarifications so as to be able to formulate a responsive pleading thereto. *See, e.g., In re Case*, 636 B.R. 834, 844-45 (Bank. S.D. Fla. 2022) and cases cited therein.

WHEREFORE, Debtor/Defendant requests the Court dismiss the Amended Complaint, award attorney fees and costs to Debtor, and further relief this Court deems equitable and just.

Respectfully submitted on this 7th day of August, 2024.

        JAMES B. MILLER, P.A.
        James B. Miller, Esq.
        19 West Flagler Street, Suite 416
        Miami, FL 33130
        Tel. No. (305) 374-0200
        Fax. No. (305) 374-0250

        /s/ James B. Miller
        JAMES B. MILLER, ESQ.
        Florida Bar No. 0009164

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7th, 2024, a copy of this pleading (and any attachments) was electronically filed with the Clerk of the Court immediately upon filing and served on all counsel of record *via* CM/ECF, including Michael Dunn, Esq. (counsel to Creditors/Plaintiffs).

        /s/ James B. Miller
        JAMES B. MILLER, ESQ.
        Florida Bar No. 0009164

Case 24-01277-LMI    Doc 19    Filed 08/07/24    Page 6 of 6